## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

GARY LIN, individually and on behalf of all
others similarly situated,

           Plaintiff,

vs.

CRAIN COMMUNICATIONS, INC.,

           Defendant.

_____/

Case No. 19-cv-11889
Hon. Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## DEFENDANT CRAIN COMMUNICATIONS, INC.'S
## MOTION TO DISMISS

Defendant Crain Communications, Inc. ("Crain") moves to dismiss Plaintiff Gary Lin's Amended Complaint and Jury Demand (the "Amended Complaint") under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

In support of the Motion, Crain relies on the attached Brief in Support.

WHEREFORE, Crain requests that the Court (i) grant the Motion, (ii) enter judgment for Crain and against Plaintiff under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), (iii) dismiss the Amended Complaint with prejudice, and (iv) grant to Crain such other and further relief as is just and proper.

Respectfully submitted,

HONIGMAN LLP

By: /s/ Robert M. Riley
    J. Michael Huget (P39150)
    Jeffrey K. Lamb (P76738)
    Robert M. Riley (P72290)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
jlamb@honigman.com
rriley@honigman.com

*Attorneys for Defendant*
*Crain Communications, Inc.*

Dated: September 20, 2019

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

GARY LIN, individually and on behalf of all
others similarly situated,

      Plaintiff,

vs.

CRAIN COMMUNICATIONS, INC.,

      Defendant.

_____ /

Case No. 19-cv-11889
Hon. Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## <u>DEFENDANT CRAIN COMMUNICATIONS, INC.'S</u>
## <u>BRIEF IN SUPPORT OF ITS MOTION TO DISMISS</u>

# **TABLE OF CONTENTS**

Question Presented ........................................................................... ii

Index of Authorities......................................................................... iii

I.   INTRODUCTION ...........................................................................1

II.  ARGUMENT....................................................................................2

    A.   Lin Lacks Statutory Standing to Maintain His Claim..........................2

        1.   Rule 12(b)(6) Standard ...............................................2

        2.   Lin Cannot Assert His Claim Under the Act Because He Neither Resides Nor Suffered Injury in Michigan.....................3

    B.   Lin Lacks Article III Standing and the Court Lacks Subject Matter Jurisdiction over His Claim .......................................................6

        1.   Rule 12(b)(1) Standard ...............................................6

        2.   Lin Lacks Article III Standing Because the Act Does Not Protect His Privacy Interest—i.e., the Source of his Alleged Injury ...........................................................7

    C.   Lin Cannot Serve as the Class Representative and the Court Should Dismiss His Claims with Prejudice .........................................9

III. CONCLUSION................................................................................12

i

## <u>QUESTION PRESENTED</u>

Whether Plaintiff Gary Lin, a citizen and resident of Virginia, lacks standing—both statutory standing and Article III standing—to assert a claim as the representative of a putative class under Michigan's Preservation of Personal Privacy Act, MCL 445.1711 *et seq*., where Lin does not reside in Michigan and fails to allege that he suffered any injury in Michigan?

Crain answers:     Yes

Lin answers:     Unknown

# INDEX OF AUTHORITIES

**Page(s)**

### CASES

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)........................................................................2

*Barnes v. First Am. Title Ins. Co.*,
473 F. Supp. 2d 798 (N.D. Ohio 2007) ......................................................11, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007)......................................................................2

*Coal Operators & Assocs., Inc. v. Babbitt*,
291 F.3d 912 (6th Cir. 2002) ................................................................6

*Cox v. Blue Cross Blue Shield of Michigan*,
166 F. Supp. 3d 891 (E.D. Mich. 2015) ................................................................2

*In re Ditropan XL Antitrust Litig.*,
529 F. Supp. 2d 1098 (N.D. Cal. 2007)............................................................8

*In re Graphics Processing Units Antitrust Litig.*,
527 F. Supp. 2d 1011 (N.D. Cal. 2007)................................................................4

*Hampshire v. Ford Motor Co.*,
399 N.W.2d 36 (Mich. App. 1986)......................................................................4

*Hayes v. Wal-Mart Stores, Inc.*,
725 F.3d 349 (3d Cir. 2013) ............................................................................10

*Highsmith v. Chrysler Credit Corp.*,
150 B.R. 997 (N.D. Ill. 1993), *aff'd in part, rev'd in part*, 18 F.3d
434 (7th Cir. 1994)..........................................................................5, 6

*Jones v. Micron Tech. Inc.*,
No. 18-CV-02518-JSW, 2019 WL 4232417 (N.D. Cal. Sept. 3,
2019) ......................................................................................8

*Lewis v. Casey*,
　　518 U.S. 343 (1996) ..................................................................................3, 7

*Lujan v. Defs. of Wildlife*,
　　504 U.S. 555 (1992) ........................................................................................7

*Matz v. Household Intern. Tax Reduction Inv. Plan*,
　　774 F.3d 1141 (7th Cir. 2014) ......................................................................11

*McKee v. Gen. Motors LLC*,
　　376 F. Supp. 3d 751 (E.D. Mich. 2019) ..........................................................8

*Moeller v. Am. Media, Inc.*,
　　235 F. Supp. 3d 868 (E.D. Mich. 2017) ..........................................................7

*N.Y. Life Ins. Co. v. Head*,
　　234 U.S. 149 (1914) ........................................................................................3

*In re Niaspan Antitrust Litig.*,
　　42 F. Supp. 3d 735 (E.D. Pa. 2014) ................................................................9

*O'Shea v. Littleton*,
　　414 U.S. 488 (1974) ........................................................................................9

*In re Packaged Ice Antitrust Litig.*,
　　779 F. Supp. 2d 642 (E.D. Mich. 2011) ......................................................4, 8

*Perlin v. Time Inc.*,
　　237 F. Supp. 3d 623 (E.D. Mich. 2017) ..........................................................7

*In re Refrigerant Compressors Antitrust Litig.*,
　　No. 2:09-MD-02042, 2012 WL 2917365 (E.D. Mich. July 17,
　　2012) ...............................................................................................................5

*Roberts v. Hamer*,
　　655 F.3d 578 (6th Cir. 2011) ..........................................................................2

*Rosen v. Tenn. Comm'r of Fin. & Admin.*,
　　288 F.3d 918 (6th Cir. 2008) ..........................................................................3

*Ruppel v. Consumers Union of United States, Inc.*,
　　7:16-CV-02444 (S.D.N.Y.) (emphasis added) ...............................................4

*Sexton v. Ryder Truck Rental, Inc.*,
    320 N.W.2d 843 (Mich. 1982)...........................................................................4

*Simon v. E. Ky. Welfare Rights Org.*,
    426 U.S. 26, 40 n.20 (1976)..............................................................................3

*Smith v. Lawyer's Title Ins. Corp.*,
    Civil Case No. 07-12124, 2009 WL 514210 (E.D. Mich. March 2,
    2009) ...............................................................................................................10

*Tennessee v. U.S. Dep't of State*,
    329 F. Supp. 3d 597 (W.D. Tenn. 2018), *aff'd, sub nom State by &
    through Tennessee Gen. Assembly v. United States Dep't of State*,
    931 F.3d 499 (6th Cir. 2019) .............................................................................6

*Warth v. Seldin*,
    422 U.S. 490 (1975)........................................................................................10

*In re Wellbutrin XL Antitrust Litig.*,
    260 F.R.D. 143 (E.D. Pa. 2009)........................................................................8

*Winer Family Trust v. Queen*,
    503 F.3d 319 (3d Cir. 2007) ............................................................................10

*Zangara v. Travelers Indem. Co. of Am.*,
    No. 1:05CV731, 2006 WL 825231 (N.D. Ohio Mar. 30, 2006) .......................11

*Zurich Ins. Co. v. Logitrans, Inc.*,
    297 F.3d 528 (6th Cir. 2002) ...........................................................................10

## STATUTES

MCL 445.1711 *et seq.*........................................................................................ ii, 1-4

## OTHER AUTHORITIES

Fed R. Civ. P. 12(b)(1)...........................................................................................6

Fed. R. Civ. P. 12(b)(6)...........................................................................................2

## I.        INTRODUCTION

Plaintiff Gary Lin ("Lin") claims that Defendant publisher Crain Communications, Inc. ("Crain") improperly disclosed the personal information of *Autoweek Magazine* subscribers in violation of Michigan's Preservation of Personal Privacy Act, MCL 445.1711 *et seq*. (the "Act").  But Lin's claim fails because he pled no cognizable injury and cannot meet the threshold statutory standing requirement to pursue his claim.  Lin is a resident and citizen of Virginia, and he does not allege that he suffered an injury in Michigan.  Lin therefore lacks statutory standing to pursue his individual claim and cannot serve as a putative nationwide class representative.  Further, because the Act does not protect out-of-state privacy interests, Lin has not pled a cognizable concrete injury and does not have Article III standing to pursue his claim.  The Court does not have subject matter jurisdiction over this case.

No court has ever permitted a non-Michigan resident to maintain an individual claim under the Act, let alone represent a putative national class.  This Court should not be the first to allow such a claim or dramatically expand the reach of a Michigan statute beyond its borders.  The Court should dismiss Lin's Amended Complaint with prejudice.

1

## II.     ARGUMENT

Lin lacks standing—both statutory and under Article III—to sue under the Michigan Preservation of Personal Privacy Act.  This fundamental defect cannot be cured by amendment and the Court should dismiss Lin's Amended Complaint with prejudice.

### A.     Lin Lacks Statutory Standing to Maintain His Claim

#### 1.     Rule 12(b)(6) Standard

A challenge to statutory standing tests whether the plaintiff has a cause of action under the asserted statute, and is made under Federal Rule of Civil Procedure 12(b)(6).  *Roberts v. Hamer*, 655 F.3d 578, 581 (6th Cir. 2011).  Rule 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To have statutory standing, the statute in question must create a cause of action through which the plaintiff can vindicate his or her rights.  *See Cox v. Blue Cross Blue Shield of Michigan*, 166 F. Supp. 3d 891, 894–95 (E.D. Mich. 2015).  "Where a plaintiff lacks statutory standing to sue, her claim should be dismissed for failure to state a claim upon which relief can be granted."  *Roberts*, 655 F.3d at 581.

2

2.   *Lin Cannot Assert His Claim Under the Act Because He Neither Resides Nor Suffered Injury in Michigan*

Lin, a citizen and resident of Virginia, Am. Compl. ¶ 13, cannot seek relief under Michigan's Preservation of Personal Privacy Act for alleged violations of his personal privacy.

It is fundamental that a plaintiff who does not reside in a state cannot invoke its laws unless he has been injured there. *See N.Y. Life Ins. Co. v. Head*, 234 U.S. 149, 161 (1914) (noting that state laws rarely create a cause of action for an out-of-state plaintiff based on an out-of-state injury). That a plaintiff seeks to represent a class changes nothing; a plaintiff may seek to represent absent class members that have similar claims under the same law, but a named plaintiff may not assert claims under laws for which they themselves lack standing to sue. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class . . . which they purport to represent") (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)). *See also Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 928 (6th Cir. 2008) (noting "class representatives without personal standing cannot predicate standing on injuries suffered by members of the class but which they themselves have not or will not suffer").

3

Consistent with this general rule, Michigan courts have held that Michigan's laws do not extend past its borders.[1] *Sexton v. Ryder Truck Rental, Inc.*, 320 N.W.2d 843, 854 (Mich. 1982) ("The general rule of law is 'that no state or nation can, by its laws, directly affect, bind, or operate upon property or persons beyond its territorial jurisdiction.'"); *Hampshire v. Ford Motor Co.*, 399 N.W.2d 36, 38 (Mich. App. 1986) (refusing to apply Michigan law when "Michigan has no significant interest in this litigation.  The plaintiff was a resident living in California at the time of the accident and has never resided in Michigan.  The accident occurred in California and the Ford vehicle involved was registered and licensed in California. The connections to Michigan are limited to the fact that Ford's headquarters are located in Michigan and the action was filed in this state.").

For these reasons, courts often grant motions to dismiss claims asserted by named plaintiffs under the laws of states in which they do not reside.  *See, e.g.*, *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657 (E.D. Mich. 2011) (dismissing claims under the laws of the states where no named plaintiff lived); *In*

---

[1] Michigan's Attorney General has concurred that the Act only applies to Michigan citizens injured in Michigan; by prohibiting disclosure of the personal information, the Act "directly ***protects Michigan citizens*** against unwanted intrusions into their private affairs, and promotes the pursuit of intellectual and spiritual fulfillment without being subjected to the scrutiny of others."  Brief for Intervenor Michigan Attorney General Bill Schuette In Support of the Michigan Preservation of Personal Privacy Act, *Ruppel v. Consumers Union of United States*, Inc., 7:16-CV-02444 (S.D.N.Y.) (emphasis added).

4

*re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1026–27 (N.D. Cal. 2007) (granting the defendant's motion to dismiss the plaintiffs' claims under consumer-protection laws of states where no named plaintiff resided); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-MD-02042, 2012 WL 2917365 (E.D. Mich. July 17, 2012) (ruling plaintiffs lacked standing to bring claims under the laws of states/territories where no named plaintiff claimed to reside or was injured).

The U.S. District Court for the Eastern District of Michigan has explained that asserting claims based on laws of states in which a plaintiff does not reside "[does] little more than name the preserve on which they intend to hunt." *Refrigerant Compressors*, 2012 WL 2917365, at *6 (internal quotations and citations omitted). Such "hunting" is exactly what Lin is impermissibly trying to do here.

Lin is not a citizen or resident of Michigan. Am. Compl. ¶ 13 ("Lin is a natural person and a resident and citizen of Virginia"). Further, Lin's claim that he bought an *Autoweek* subscription from Crain by sending money to its Michigan headquarters, *id.*, cannot establish an injury in Michigan for the purpose of asserting a claim under the Act. A person who remits money to a business headquartered in Michigan is not "injured" in Michigan. *Highsmith v. Chrysler Credit Corp.*, 150 B.R. 997, 1007 (N.D. Ill. 1993), *aff'd in part, rev'd in part*, 18 F.3d 434 (7th Cir. 1994) (dismissing claim and holding that "Plaintiffs next attempt to fall under the

statute by arguing that a person who remits money to a business headquartered in Michigan is 'injured' in Michigan and that Chrysler Credit's receipt of ill-gotten gains in Michigan causes injury to consumers residing elsewhere.  Plaintiffs go too far in stretching the definition of 'injured.'").

Like the plaintiff in *Highsmith*, Lin goes too far in stretching the definition of "injury."  Lin's claim has no nexus to this state other than his alleged payment to Crain.  This is an insufficient basis to invoke the protections of Michigan law.

In sum, Virginia-resident Lin lacks statutory standing to assert a claim under the Act and his claim should be dismissed.

### B.    Lin Lacks Article III Standing and the Court Lacks Subject Matter Jurisdiction over His Claim

#### 1.    *Rule 12(b)(1) Standard*

Article III standing is required to confer subject matter jurisdiction upon federal courts.  *See Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002).  A court must dismiss a matter if it lacks subject matter jurisdiction.  "Proper jurisdiction is a requirement in determining the validity of a claim, and as such, Rule 12(b)(1) motions must be considered prior to any other challenges."  *Tennessee v. U.S. Dep't of State*, 329 F. Supp. 3d 597, 609–10 (W.D. Tenn. 2018), *aff'd, sub nom State by & through Tennessee Gen. Assembly v. United States Dep't of State*, 931 F.3d 499 (6th Cir. 2019).  To establish the "irreducible constitutional minimum of standing" under Article III, a plaintiff must show: (1) that he suffered

actual injury; (2) that the injury is traceable to the challenged action of the defendant; and (3) that the injury may be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

As in any other case in federal court, "named plaintiffs who represent a class must allege and show that they" personally have standing under Article III to bring suit; it is not enough to show that "other, unidentified members of the class to which they belong and which they purport to represent" will eventually have standing. *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotes omitted).

      2.    *Lin Lacks Article III Standing Because the Act Does Not Protect His Privacy Interest—i.e., the Source of his Alleged Injury*

Lin lacks Article III standing because he fails to plead that he has suffered an invasion of a legally protected privacy interest under Michigan law and therefore cannot show the requisite injury for Article III standing.

The federal courts that have analyzed Article III standing challenges related to the Act have ruled that alleged violations of the Act's privacy protections confer Article III standing on Michigan residents and give the Court subject matter jurisdiction over their claims.[2] But no court has ruled that a non-Michigan resident plaintiff has a privacy interest that is protected by the Act such that a violation of

---

[2] *See, e.g.*, *Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 870, 873 (E.D. Mich. 2017); *Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 642 (E.D. Mich. 2017).

that interest could satisfy Article III standing requirements.  This Court should not do so here.

Consistent with this principle, numerous courts have held that a plaintiff who files a claim based on the law of a state in which they do not reside lacks Article III standing.  *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657 (E.D. Mich. 2011) ("[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury."); *McKee v. Gen. Motors LLC*, 376 F. Supp. 3d 751 (E.D. Mich. 2019) (holding that because the named plaintiff did not allege injuries in states other than Florida or base his claims on the application of other states' laws, he lacked standing to bring claims on behalf of a nationwide class); *Jones v. Micron Tech. Inc.*, No. 18-CV-02518-JSW, 2019 WL 4232417, at *5 (N.D. Cal. Sept. 3, 2019) (dismissing claims for lack of Article III standing because the "Plaintiffs do not have standing to bring claims under the laws of states where they have alleged no injury, residence, or other pertinent connection."); *In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007) (dismissing claims based on the laws of states in which no named plaintiff resided because they lacked constitutional standing); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 157 (E.D. Pa. 2009) (holding that the plaintiffs lacked Article III standing to assert claims under the laws of the states in

which they did not reside or in which they suffered no injury); *In re Niaspan Antitrust Litig.*, 42 F. Supp. 3d 735, 758 (E.D. Pa. 2014) (same).

Here, Lin admits that he is neither a citizen nor resident of Michigan. Am. Compl., ¶ 13. Lin seeks to justify his hunting expedition by emphasizing that Crain's headquarters is in Michigan. But Lin's allegations that he bought a subscription from Crain and that Crain's headquarters are in Michigan do not establish that he was "injured" in Michigan for purposes of seeking relief under Michigan law. *See* Section III.A.2, *supra*. Because Lin does not have a privacy interest that is protected by the Act, the alleged violation of his privacy interest does not constitute an injury conferring Article III standing. The Court does not have subject matter jurisdiction over his claim and should dismiss it.

### C.     Lin Cannot Serve as the Class Representative and the Court Should Dismiss His Claims with Prejudice

Because Lin lacks both statutory and Article III standing to pursue his individual claim, he cannot serve as the putative nationwide class representative.

The U.S. Supreme Court has held that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendant[], none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Moreover, the named class plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which

they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

Because the standing inquiry in a class action is "whether the lead plaintiff individually has standing, not whether or not other class members have standing," claims based on a foreign state's law other than where the named plaintiff resides or was injured must be dismissed. *Winer Family Trust v. Queen*, 503 F.3d 319, 326 (3d Cir. 2007); *see also Smith v. Lawyer's Title Ins. Corp.*, Civil Case No. 07-12124, 2009 WL 514210, *3 (E.D. Mich. March 2, 2009) (dismissing class action claims based on the laws of eight other states because the named plaintiff only alleged an injury in Michigan).

Lin is the sole named plaintiff and as explained above, lacks both statutory and Article III standing. When the sole named plaintiff lacks standing to assert a claim, alternate lead plaintiffs may not be substituted to cure a standing defect, and dismissal is the only plausible remedy. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528 (6th Cir. 2002) ("Whereas Zurich American admittedly has not suffered injury in fact by the defendants, it had no standing to bring this action *and no standing to make a motion to substitute the real party in interest*.") (emphasis added); *see also Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 361 n.12 (3d Cir. 2013) (recognizing that the district court must determine whether a single named plaintiff had a claim sufficient to confer standing and, if he did not, that the court must dismiss the case

10

because "substitution of the lead plaintiff could only occur if there were multiple lead plaintiffs"); *Matz v. Household Intern. Tax Reduction Inv. Plan*, 774 F.3d 1141, 1145 (7th Cir. 2014) (dismissing complaint following dismissal of class representative as the plaintiff because "there is no other eligible class representative in this case").

The law and its application to this case are clear—Lin lacks statutory standing to maintain his claim and also lacks Article III standing—and the Court cannot even entertain a motion to amend Lin's complaint to substitute a new plaintiff. *Zangara v. Travelers Indem. Co. of Am.*, No. 1:05CV731, 2006 WL 825231, at *3 (N.D. Ohio Mar. 30, 2006) ("Zangara's lack of standing precludes him from amending the complaint to substitute new plaintiffs . . . .  More precisely, his lack of standing divests this Court of subject matter jurisdiction necessary to even consider such a motion.").  There is simply no authority that would permit the Court to ignore Lin's fatally defective status as the named plaintiff in an uncertified class and permit this case to effectively start over.

In *Barnes v. First Am. Title Ins. Co.*, 473 F. Supp. 2d 798, 801 (N.D. Ohio 2007), the court ruled that the plaintiff could not amend his complaint to substitute a new class representative in a prospective class action because to do so would essentially allow the named plaintiffs to amend themselves out of the suit: "Plaintiffs seek to amend to substitute new parties because the defenses raised by Defendants

11

present serious concerns that named plaintiffs may not have standing to assert the claims presently before this Court.  Therefore, this Court finds that the proposed new Plaintiffs' claims do not relate back to the original complaint and must be defined as new parties and new claims." *Id.* at 801.

*Barnes* is on all fours with this case.  Lin is a citizen and resident of Virginia and has not suffered an injury in Michigan.  He cannot state a claim under the Act, cannot show Article III standing, and cannot serve as a putative class representative. This fundamental defect cannot be cured by amendment, and the Court should dismiss Lin's Amended Complaint with prejudice.

## III.   CONCLUSION

For these reasons, Crain requests that the Court grant its Motion and dismiss Plaintiff's First Amended Complaint with prejudice.

Respectfully submitted,

HONIGMAN LLP

By: /s/ Robert M. Riley
    J. Michael Huget (P39150)
    Jeffrey K. Lamb (P76738)
    Robert M. Riley (P72290)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
jlamb@honigman.com
rriley@honigman.com

*Attorneys for Defendant*
*Crain Communications, Inc.*

Dated:  September 20, 2019

13

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 20, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification to all counsel of record.

Respectfully submitted,

HONIGMAN LLP

By: /s/ Robert M. Riley
    J. Michael Huget (P39150)
    Jeffrey K. Lamb (P76738)
    Robert M. Riley (P72290)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7000
mhuget@honigman.com
jlamb@honigman.com
rriley@honigman.com

*Attorneys for Defendant*
*Crain Communications, Inc.*

Dated:  September 20, 2019