UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LIN, individually and on
behalf of all others similarly
situated,

    Plaintiff,

v.

Case No. 19-11889
Honorable Victoria A. Roberts
Mag. Judge Anthony P. Patti

CRAIN COMMUNICATIONS INC.,

    Defendant.

_____/

## ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT
### [ECF No. 23]

### I.    INTRODUCTION/BACKGROUND

Gary Lin ("Lin") filed this class action complaint alleging that Crain Communication, Inc. ("Crain") violated Michigan's Personal Privacy Protection Act, M.C.L. § 445.1712 ("PPPA"), and was unjustly enriched by disclosing sensitive and statutorily protected information to third parties.

Lin alleges that Crain unlawfully disclosed Personal Reading Information ("PRI") to data mining companies. [ECF No. 6, PageID.60, ¶ 9]. Lin also contends that Crain sold "highly detailed customer lists," including sensitive information, about him and others to interested third parties. [ECF No. 6, PageID.68, ¶ 28].

1

Before the Court is Lin's Motion for Leave to file a Second Amended Complaint. Lin seeks to add two plaintiffs who were also subscribers during the class period. For the reasons stated below, the Court **GRANTS** Lin's motion.

## II.     LEGAL STANDARD

Under Fed.R.Civ.P. 15(a)(1), "[a] party may amend its pleading once as a matter of course within" 21 days after service or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) motion, whichever is earlier." *Kittle v. Am.'s Test Kitchen LP*, 2019 WL 6496596, at *1 (E.D. Mich. Dec. 3, 2019). However, if a plaintiff does not meet the requirements of section (a)(1), he may amend his Complaint only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." *Id.*

In determining whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 594, 605 (6th Cir. 2001).

## III. ANALYSIS

The Court considers whether Lin's motion is brought in good faith, and whether any of the *Perkins* factors pertain.

The Court finds Lin properly sought leave in good faith to add two more plaintiffs who were subscribers during the class period. "[C]ourts not only may, but should, 'respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative.'" *In re Nat'l Australia Bank Sec. Litig.*, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) (quoting *In re Thornburgh*, 869 F.2d 1503, 1509 (D.C.Cir.1989) (collecting cases); 1 Newberg on Class Actions § 2:8 (5th ed.) ("Substitution among class representatives is otherwise allowed so long as there are several and at least one has standing throughout the case").

Allowing this amendment will not cause undue delay. This Court denied an earlier motion filed by Crain challenging Lin's standing. [ECF No. 18]. Following that order, Crain answered Lin's Amended Complaint on January 30, 2020, again raising standing issues. Only 20 days later, Lin filed this motion to add additional class representatives. This does not begin to approach undue delay.

Crain will not be prejudiced if this amendment is allowed. This request for leave was filed before the Court even held its initial scheduling

3

conference. Furthermore, the proposed amendment contains the same allegations as are in Lin's First Amended Complaint – it only adds two more plaintiffs. In response, Crain argues that it would be forced "to defend new claims." [ECF No. 25, PageID. 348]. This is untrue. Since the factual and legal allegations in the Second Amended Complaint are the same as those in the First Amended Complaint, the Court finds Crain will not be unduly prejudiced if it allows Lin leave to file a Second Amended Complaint. "To deny a motion to amend, a court must find at least some significant showing of prejudice to the opponent." *Duggins v. Steak N' Shale, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Crain also argues that Lin's attempt to amend is done in bad faith because Lin fails to provide proof of standing to support his PPPA claim. Crain relies on *In re Flash Memory Antitrust Litig.* 2010 WL 2465329, at *3 (N.D. Cal. June 10, 2010). *In re Flash*, the Court denied plaintiff's motion to amend two years into the litigation because plaintiff did not have standing. This case is distinguishable on multiple grounds: (1) this Court already determined that Lin has standing to bring suit, and (2) Lin seeks to add class representatives a mere 20 days after Crain filed its Answer.

Finally, Crain alleges that Lin failed to submit proof of his subscription to *Autoweek* during the relevant period. However, at this stage of the proceedings, Lin need only allege that he was a subscriber.

## IV. CONLUSION

Lin's motion for leave to amend [ECF No. 23] is **GRANTED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: April 27, 2020