<u>*Via ECF*</u>

May 18, 2020

The Honorable Victoria A. Roberts
Theodore Levin United States Courthouse
231 W. Lafayette Blvd., Room 1023
Detroit, MI 48226

Re:   *Lin, et al. v. Crain Communications Inc.*, 2:19-cv-11889-VAR-AAP (E.D. Mich.)

Dear Judge Roberts:

The undersigned represent Plaintiffs Gary Lin, Steve Crawford, and Forrest Schuck ("Plaintiffs") and Defendant Crain Communications Inc. ("Crain" or "Defendant") in the above-referenced action. Pursuant to the Court's instruction, we write to summarize an outstanding discovery dispute regarding Defendant's Objections and Responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories (attached as Exhibits A and B). The Parties have engaged in a number of good-faith telephonic meet-and-confer conferences and have successfully resolved many of their disputes without Court intervention. However, they have reached an impasse on the following threshold dispute: whether discovery in this action should be limited to *Autoweek* magazine, or whether it should encompass all of Defendant's publications. Please find below the parties' respective positions regarding this issue.

**Plaintiffs' Position**: Throughout its Objections and Responses, Defendant objects on the basis that the Request or Interrogatory "is not limited to *Autoweek* Magazine, which is the only publication at issue in this case." Exs. A & B. Defendant has refused to withdraw this objection. But the objection is meritless, because the case is about all of Defendant's magazine publications, including but not limited to *Autoweek*.

This is a putative class action wherein Plaintiffs allege that Defendant "sold, rented, and/or otherwise disclosed, from within the State of Michigan, the Personal Reading Information of its other subscribers to *Autoweek* magazine <u>and Crain's other publications</u> between June 25, 2016 and July 30, 2016, [] in violation of the PPPA [Michigan's Preservation of Personal Privacy Act]." Second Amended Complaint (ECF No 28) ("SAC") ¶ 2 (emphasis added). The SAC also includes as exhibits list rental offerings from a list broker, Nextmark, including the *Autoweek* Mailing List and the Crain's Regional Publications Masterfile Mailing List. SAC Exs. A & B. Moreover, "Plaintiffs seek to represent a class defined as all individuals in the United States who, at any point in time between June 25, 2016 and July 30, 2016, had their Personal Reading Information disclosed to third parties by Crain Communications Inc. without consent." SAC ¶ 55. Plaintiffs' proposed class is not limited to *Autoweek* magazine subscribers.

Nonetheless, Defendant argues that "*Autoweek* Magazine, … is the only publication at issue in this case," because the named Plaintiffs are subscribers to *Autoweek*. SAC ¶¶ 13-15. Defendant's objection is meritless. In the Sixth Circuit, "[o]nce [the named plaintiff's] standing

has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedure." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). Thus, the Sixth Circuit has held in an analogous context that "an individual in one ERISA benefit plan can represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans." *Id.* at 422. Here, likewise, Plaintiffs allege that Defendant uniformly disclosed its customers' Personal Reading Information across all of its publications without consent. *See, e.g.*, SAC ¶¶ 2-6; 46-54. And the Court has already determined that the named Plaintiffs have standing to pursue their claims. *See Lin v. Crain Communications Inc.*, 2020 WL248445, at *6 (E.D. Mich. Jan. 16, 2020) ("Lin has standing to bring suit under the PPPA."). Accordingly, Plaintiffs are entitled to discovery regarding all of Defendant's publications, not just *Autoweek* magazine.

Similar discovery disputes have been resolved in Plaintiffs' favor in other PPPA putative class actions against magazine publishers. For example, in *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT-JLC (S.D.N.Y.), the defendant had allegedly made unlawful disclosures of the plaintiff's and the putative class's personal reading information to a variety of third-party data companies. *See Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172, 180-83 (S.D.N.Y. 2017). The named plaintiff prevailed on summary judgment regarding the disclosures to some of the third-party data companies, while the defendant prevailed on others. *See id.* at 201-02 (plaintiff prevailed on disclosures to Experian); *id.* at 206-07 (plaintiff prevailed on disclosures to "Company 3"); *id.* at 202-04 (defendant prevailed on disclosures to "Company 1"); *id.* at 204-05 (defendant prevailed on disclosures to "Company 2").[1] In Phase II discovery, the defendant objected to plaintiff's discovery requests related to Company 1 and Company 2, but the Court overruled that objection. *See* 10/27/17 Hearing Tr.; *Edwards* ECF No. 261 at 20:8-23. As the Court held "the issue is whether the harm that the plaintiff suffered from disclosure to Experian is the same as the harm that some other class member suffered from disclosure to company 1 or company 2 or company 3. And by the way, company 4, 5, 6 and 7, same thing. It doesn't matter who the recipient is. What matters is, are they within the class as we pled it?" *Id.* at 20:10-16; *see also id.* at 13:10-18 ("THE COURT: That's a Rule 23 argument. That's not a Rule 26 argument. …. [Y]ou want me to tie the plaintiff's hands behind their back in order for them to try and make the arguments that they want to make, and I'm disinclined to do that.").

The same logic applies here. Whether Plaintiffs may ultimately represent class members who subscribed to all of Defendant's publications, or just *Autoweek*, is a Rule 23 issue, not a Rule 26 issue. Accordingly, Plaintiffs are entitled to discovery regarding all of Defendant's publications, not just *Autoweek* magazine.

---

[1] Discovery in the *Hearst* case was phased such that Phase I discovery was limited to the claims of the named plaintiffs, and Phase II concerned the claims of the putative class. *See Edwards*, ECF No. 40 ¶ 5. At the conclusion of Phase I discovery, both parties made motions for summary judgment, and Phase II discovery commenced after the Court rendered a decision on those motions. *See Hearst*, 269 F. Supp. 3d at 207.

**Crain's Position**: There is no good cause to expand discovery at this juncture beyond facts related to Plaintiffs' claims as to *Autoweek* magazine.  Now on their third complaint, Plaintiffs have still failed to produce any facts to show that they were even paid, direct subscribers to *Autoweek* and have viable PPPA claims relating to that one publication, let alone anything that would justify the broad discovery they seek regarding Crain's publications other than *Autoweek*.  Instead, Plaintiffs' own allegations, the record before the Court, and relevant authority support limiting discovery in this action to *Autoweek* altogether, and certainly until the named Plaintiffs themselves show they have viable PPPA claims.

Each of the named Plaintiffs allege that they subscribed to only *Autoweek*.  (Second Amended Complaint ("SAC"), ECF No. 28, ¶¶ 13-15).  And all of Plaintiffs' allegations that include ***any*** meaningful amount of detail and specificity pertain only to *Autoweek*.  (*Id*. at ¶¶ 13-15, 52, 70, 72, 78) (*see also Id*. at p. 27, heading) ("*Autoweek Unlawfully Rents, Exchanges, And Discloses Its Customers' Personal Reading Information*").  Notably, Plaintiffs base all of their alleged injuries on charges they incurred as a result of their purchase price for ***Autoweek*** magazine.  (*Id*. at ¶ 88) (emphasis added).

In asserting their "common course of conduct" theory—their sole basis for seeking discovery into Crain publications other than *Autoweek*—Plaintiffs only offer conclusory and unsupported allegations.  The SAC lacks any factual allegations concerning specific acts, practices, policies, or procedures by Crain during the class period that support a common course of conduct theory.  Rather, Plaintiffs merely tack on the phrase "and Crain's other publications" to their existing bare-bones allegations about *Autoweek*.  (SAC at ¶¶ 2, 52, 63-65).  And Plaintiffs' argument that the Masterfile mailing lists (SAC, ¶¶ 3-6; Exs. A, B) are proof of a common course of treatment is a complete red herring.  The Masterfile mailing lists attached by Plaintiffs to their SAC were generated in May 2019 (*Id*.), nearly three years after the relevant class period of June 25, 2016 to July 30, 2016.  Further, and critically, these Masterfile mailing lists were generated well after the PPPA was substantially amended to require a showing of actual injury on the part of any aggrieved plaintiff.  Thus, not only does the information and data reflected on the 2019 Masterfile lists have nothing to do with any conduct or practices by Crain during the relevant 2016 class period, these lists are not evidence of any misdeed by Crain at all.

Plaintiffs' unsubstantiated and misleading allegations are an insufficient basis to expand discovery.  *See, e.g.*, *Kraft v. Gongos, Inc.*, case no. 18-10745, 2019 WL 1594046 at *3-4 (E.D. Mich. Apr. 14, 2019) (Roberts, J.) (denying conditional class certification where conclusory allegations failed to provide evidence of common treatment beyond the experiences of plaintiffs); *Grenke v. Hearst Commc'ns, Inc.*, case no. 12-cv-14221, ECF No. 83, *order on discovery motion*, p. 4 (E.D. Mich. Dec. 2014) (Steeh, J.) (limiting the 30(b)(6) deposition of defendant to the specific publication to which plaintiff alleged he subscribed in the complaint and disregarding plaintiff's later declaration concerning other publications).

Plaintiffs also incorrectly construe *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998) and this Court's January 16, 2020 ruling on Defendant's Motion to Dismiss (ECF. No. 10) for the proposition that "the Court has already determined that the named Plaintiffs have standing to pursue their claims" and therefore Plaintiffs may seek "discovery regarding all of Defendant's publications, not just *Autoweek* magazine."  This is incorrect for at least two

reasons:

***First***, the defendant in *Fallick* itself admitted that it treated all of the employee plans that plaintiff wished to include in its proposed class "uniformly." *Id*. at *423.  Here, not only is there no such admission by Defendant, there is **nothing** on the record to support the premise that Defendant engaged in a common course of conduct across all of its publications during the putative class period.  ***Second***, this Court did not rule that all of the named Plaintiffs have standing to pursue their claims on behalf of absent class members for publications to which they never subscribed.  Rather, this Court addressed only Plaintiff Lin's statutory and constitutional standing and then only as to Crain's challenges related to his non-Michigan residency and purported damages allegations.  (*See generally* ECF No. 10).

Here, in the two months since discovery commenced, Plaintiffs still have not produced any evidence to support their own claims with regard to *Autoweek*, let alone claims concerning absent class members involving other Crain publications.  In fact, Plaintiffs still have not produced evidence to establish (1) that they were *Autoweek* subscribers during the class period, (2) that they purchased *Autoweek* directly from Crain, (3) that an actionable disclosure of Personal Reading Information occurred, (4) or that they did not consent to have their Personal Reading Information shared.  Each of these issues is potentially dispositive of this litigation and relates only to *Autoweek*.  The Court should limit all discovery to *Autoweek*, the only publication to which any of the Plaintiffs subscribed and the only publication that is relevant to this action.

But even if the Court is not inclined to exclude discovery altogether regarding Crain's other publications, then this Court should still proceed now with discovery regarding the claims of the named Plaintiffs themselves relating to *Autoweek* in order to give Defendant an opportunity to move for summary judgment or to strike or limit class allegations following discovery relating to their claims.  As Plaintiffs concede in their portion of this joint letter, this is consistent with the past practice of other federal courts adjudicating PPPA claims, and strikes a fair balance between allowing Plaintiffs the discovery to prove their claims while shielding Crain from overbroad, intrusive, and potentially irrelevant discovery in the first instance.  *Edwards v. Hearst Commc'ns, Inc.,* case no. 15-cv-03934, ECF No. 40, *case scheduling order*, p. 2 (bifurcating discovery regarding named plaintiffs from class discovery as phases I and II, respectively); *Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172, 207 (S.D.N.Y. 2017) (proceeding with phase II class discovery after ruling on cross motions for summary judgment regarding named plaintiffs).  Only if the named Plaintiffs establish a factual basis to proceed with their own claims as to *Autoweek* beyond the summary judgment stage should discovery regarding Crain's alleged practices as to its other publications be allowed.

Crain respectfully request this Court deny Plaintiffs' request to expand the scope of discovery beyond facts concerning named Plaintiffs' claims as to *Autoweek* magazine.

Very truly yours,

Philip L. Fraietta, Plaintiffs' Counsel

*/s Jeffrey K. Lamb*

Jeffrey K. Lamb, Defendant's Counsel

CC: All counsel of record (via ECF)